UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| United States of America, ) | |
| ) | Cr. No.: 6:08-cr-00456-GRA-1 |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | (Written Opinion) |
| David Lamont Norman, ) | |
| ) | |
| Defendant. ) | |
| ) | |

This matter is before the Court on Defendant's motion for modification or reduction of sentence based on a retroactive guideline amendment filed on January 19, 2010. For the reasons stated herein, the motion is DENIED.

Plaintiff brings this claim *pro se.* This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *See Boag v. MacDougall*, 454 U.S. 364, 365 (1982).

Defendant claims that Amendments 706 and 711 make a reduction in the base offense level for crack-cocaine offenses retroactive as of March 3, 2008. Defendant is correct that the amendments did result in a retroactive effect. Amendment 706 adjusts the base offense level assigned to each threshold quantity of cocaine base, or

"crack cocaine," downward by two levels. U.S.S.G. App. C, Amend. 706 (Nov. 1, 2007). On December 11, 2007, the Commission voted to add this amendment to the list of amendments in U.S.S.G. § 1B1.10(c) that may be applied retroactively, which took effect on March 3, 2008.

However, Defendant is not entitled to a reduction of sentence as these amendments were already taken into consideration when he was sentenced on December 11, 2008. Defendant's Pre-Sentence Report notes in paragraph 32 that the 2007 manual was used to calculate the guideline range. *See* Presentence Report (adopted with out objection). The 2007 manual contains Amendment 706's reduction. Therefore, Defendant received the benefit of the two-level reduction at his sentencing.

Defendant also requests for the Court to appoint him an attorney. As the Court is denying his motion, the Court will not appoint Defendant an attorney in this matter.

IT IS THEREFORE ORDERED that the motion is DENIED.

IT IS SO ORDERED.

G. Ross Anderson, Jr.
Senior United States District Judge

January  27 , 2010
Anderson, South Carolina

**[Appeal Rights on following page]**

## **NOTICE OF RIGHT TO APPEAL**

Pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, the defendant has the right to appeal this Order within ten (10) days from the date of its entry. Failure to meet this deadline, as modified by Rule 4 of the Federal Rules of Appellate Procedure, **will waive the right to appeal.**